# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10133
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO SANCHEZ-MIRANDA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-214-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Gerardo Sanchez-Miranda appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1).  Sanchez-Miranda argues that his 55-month sentence, which represents a nine-month upward variance from the guidelines range, is substantively unreasonable.  He also raises constitutional challenges to his sentence, which he concedes are foreclosed but raises to preserve for further review.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10133

We review sentences, whether inside or outside the guidelines range, for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Sanchez-Miranda argues that the district court clearly erred in balancing the sentencing factors of § 3553(a), we find no reversible error. The district court was "in a superior position to find facts and judge their import under § 3553(a)," *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008), and relied on appropriate sentencing factors, supported by the record, in determining that an upward variance was warranted, *see* § 3553(a)(1), (a)(2)(B), (C). Sanchez-Miranda's disagreement with the district court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *see Gall*, 552 U.S. at 51.

As for his argument that the district court violated his Fifth and Sixth Amendment rights by concluding, without a jury finding, that he posed a danger to others if he returned to the United States, Sanchez-Miranda correctly concedes that his argument is foreclosed by *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), and *Alleyne v. United States*, 570 U.S. 99 (2013). His argument that the enhancement provisions in § 1326(b) are unconstitutional because the fact of a prior conviction must be alleged in the indictment and proven to a jury beyond a reasonable doubt is likewise foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

The judgment of the district court is AFFIRMED.